IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA LOUISE HANSEN,         )
                                )
            Plaintiff,          )
                                )
    v.                          )    No. 11 C 1675
                                )
RAY GRAHAM ASSOCIATION FOR      )
PEOPLE WITH DISABILITIES,       )
                                )
            Defendant.          )

## MEMORANDUM ORDER

Patricia Hansen ("Hansen") has used the Clerk's-Office-provided form of Complaint of Employment Discrimination to charge her ex-employer, Ray Graham Association for People With Disabilities, with sex discrimination in connection with her firing. Hansen has accompanied the pro se Complaint with two other filled-out Clerk's-Office-provided forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). Because Hansen's filing is obviously premature, this Court sua sponte dismisses both the Complaint and this action (but without prejudice to a possible refiling when the critical condition precedent referred to hereafter has been satisfied).

Hansen's Charge of Discrimination, filed with the EEOC and automatically filed with the Illinois Department of Human Rights under the cooperative agreement between the agencies, was filed

on February 15, 2011. But Complaint 7.2[1] reflects that no EEOC right-to-sue letter has been issued to Hansen. That of course is fatal to the current institution of an employment discrimination complaint in the federal courts.

Accordingly, as stated earlier, both the Complaint and this action are dismissed sua sponte. Because Hansen can try again as and when she obtains the necessary right-to-sue letter, two additional pieces of information may be helpful to her:

1. If Hansen's financial situation then remains as it is reflected in the Application, she would qualify for in forma pauperis treatment.

2. That is not at all the case as to her Motion, as to which our Court of Appeals' teaching is that an applicant must (in response to Paragraph 2 of that form) show good faith efforts to obtain a lawyer on her own before the appointment of pro bono counsel may be considered.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 14, 2011

---

[1] Hansen has mistakenly filled in answers to that paragraph's provisions (which apply only to federal governmental agencies) rather than Complaint ¶7.1, but the omission described next in the text exists in any event.

2